CHARLES W. FREELAND & *al. versus* JAMES H. PRINCE & *al.*

A deposition taken out of the State, by a person lawfully empowered to take it may be admitted or rejected by the Court at its discretion, though it may not, in all respects, conform to the technical requirements of the statute.

The extent of this discretion has never been defined; but the practice has been to admit such depositions when the presiding Judge is satisfied that there has been a substantial compliance with the statute.

Such a deposition may be admitted or otherwise, at the discretion of the Court, though it does not appear by the caption, that the deponent was duly sworn before deposing.

ON EXCEPTIONS AND MOTION FOR NEW TRIAL, from *Nisi Prius*, DAVIS, J., presiding.

This was an action of the case against the defendants as common carriers. The defendants excepted to the ruling of the presiding Judge admitting a deposition, the caption of which did not show that the witness was sworn before giving his testimony.

*J. H. Williams*, for plaintiffs, contended that the deposition was admissible.

R. S., c. 133, § 22; *Wight & al.* v. *Stiles*, 29 Maine, 164; *George* v. *Nichols*, 32 Maine, 179.

*Shepley & Dana*, for defendants.

The deposition of Horsley was inadmissible.

R. S., c. 133, § 15, prescribes the manner of administering the oath to witnesses. It provides that they shall be sworn to testify the truth relating to the cause or matter for which the deposition is to be taken.

In *Parsons* v. *Huff*, (in Boston Law Reporter, Dec., 1855,) the Court decided that the omission of the magistrate, to certify that the oath was to testify relating to the cause or matter for which the deposition was to be taken, was a fatal defect; that the omission deprived the other party of all the safeguards intended to be provided by an oath; that the witness so sworn could not be indicted for perjury, &c.

The caption in this case shows indeed a defect, which, as it might properly come within the discretion of the Court, was not objected to, and yet it is not a compliance with our statute.

The provision in § 22, that depositions taken out of the State may be admitted or rejected by the Court at their discretion, is intended to further justice by allowing depositions taken out of the State to be read, even though the captions do not show that all the requisites in depositions taken here have been complied with.

But this discretion is not intended to be unlimited or unbounded. There are some things which the Court has not power to overlook or overrule. To come within the statute, there must be some kind of a *deposition.* Bouvier defines the word as the " testimony of a witness reduced to writing in due form of law," and on turning to *testimony* we find it to be " the statement made by a witness under oath or affirmation."

Now the Court have decided, in the case above cited, that an oath like that administered to this deponent is not such an oath as is required by the statute. It was not a deposition, but the mere statement of the witness.

RICE, J.—The case comes up on exceptions and motion to set aside the verdict on the ground that it was rendered against the evidence, &c. The motion is not relied upon, and not being accompanied by a report of the evidence, certified by the presiding Judge, cannot be considered.

The defendants objected to the admission of the deposition of J. J. Horsley, taken in Boston, Mass., before a justice of the peace and commissioner of the State of Maine. The adverse party was duly notified to attend the taking of said deposition, and did attend. The objection to the deposition, relied on, is that the caption does not show that the deponent was sworn to testify the truth, the whole truth, and nothing but the truth, *relating to the cause or matter for which the deposition was to be taken*, before giving his deposition. To show that this is essential, the case of *Parsons* v. *Huff*, 38 Maine, 137, is relied on.

This deposition was taken out of the State. R. S., c. 133, § 22, provides, that depositions taken out of the State, by a justice of the peace, or notary public, or other person lawfully empowered to take depositions, may be admitted or rejected by the Court, at their discretion.

When depositions are taken within the State, the law requires certain facts to be stated in the caption, and gives the Court no discretionary power by which depositions may be admitted in which the caption is defective. Magistrates living within the State are presumed to know the law, and are expected to conform to its requirements.

But the Legislature, acting upon the supposition that magistrates living without the State, may not be as well acquainted with the technical requirements of our statutes, entrusted the Courts with discretionary power to admit depositions taken out of the State, though the caption may not be, in all things, in conformity with the statute requirements.

The extent of this discretion is undefined. Under it the practice has been to admit depositions taken out of the State by competent persons, in all cases where the presiding Judge is satisfied that there has been substantial compliance with

Freeland *v.* Prince.

the statute; where the deposition was fairly taken, and the adverse party was present, or had reasonable notice, and an opportunity to be present, and where there is no reason to believe that the party taking the deposition, the magistrate or the deponent have conducted improperly in the matter, though the caption may not be, in all respects, technically correct.

In the case of *Parsons* v. *Huff*, 38 Maine, 137, the caption recited that the deponent was " first sworn to testify the truth, the whole truth, and nothing but the truth," but the words *" relating to the cause or matter for which the deposition is to be taken,"* were omitted, and the omission was held to be fatal.

So too in *Brighton* v. *Walker*, 35 Maine, 132, a deposition was held inadmissible, because the caption did not show, that the deponent was duly sworn *before* giving his deposition. In those cases, however, the depositions were taken within the State.

But it has been decided that a deposition taken out of the State may be admitted, at the discretion of the Court, though it does not appear by the caption, that the deponent was duly sworn before deposing. *Wight & al.* v. *Stiles*, 29 Maine, 164; *George* v. *Nichols*, 32 Maine, 179.

We think the case at bar, like the cases cited, falls within the discretionary power of the Court, and there being no suggestion that the defendants have suffered from the defect in the caption alluded to, or that the deposition was not fairly taken, we are of the opinion that the Judge exercised a sound discretion in admitting it.

*Motion and exceptions overruled.*

TENNEY, C. J., and GOODENOW, HATHAWAY, and CUTTING, J. J., concurred.